IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES *ex rel.* JAVIER BAILEY, ) | |
| ) | |
| Petitioner ) | |
| ) | Civil Action No.: 11 C 5650 |
| v. ) | |
| ) | Suzanne B. Conlon, Judge |
| MARCUS HARDY, Warden, Stateville ) | |
| Correctional Center,[1] ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

In 2005, Javier Bailey pleaded guilty in Illinois state court to one count of aggravated sexual assault. The negotiated plea recommended a sentence of 25 years' imprisonment, and the state court followed that recommendation. After completing a round of direct appeal and state postconviction proceedings, Bailey petitions *pro se* for a writ of *habeas corpus* under 28 U.S.C. § 2254. For the following reasons, his petition is denied.

**I. Background**

Bailey was facing four separate criminal cases: possession of a stolen motor vehicle, a sexual assault against B.G., a residential burglary of the home of S.W., and a later sexual assault against S.W. He pleaded guilty to the sexual assault against B.G., and the state dropped the three other cases and the remaining counts in the S.G. sexual assault case. Resp't Ex. A at 834–36. At the plea hearing, the state's factual basis revealed that Bailey entered B.G.'s apartment around

---

[1] The petitioner's current custodian, named in his official capacity only, is substituted as the respondent. *See* Rule 2(a) of the Rules Governing Section 2254 Cases; Fed. R. Civ. P. 25(d).

3:45 a.m. on August 4, 2000 through the kitchen window, he had an unknown object that was possibly a gun, and he threatened to hurt her if she did not cooperate. *Id.* at 810–12, 815. Bailey had sexual intercourse with B.G. *Id.* at 813. After he left, B.G. immediately called the police and reported the rape; she did not know her attacker. Three months later, B.G. was walking from her car to her apartment building when Bailey approached her, exiting a red Chevy Berretta. *Id.* at 813. Bailey apologized for sexually assaulting her and repeated statements he made during the assault. *Id.* at 814. B.G. reported this incident to the police and gave a description of Bailey and the car. *Id.* The next day, she found a letter on her windshield apologizing for the letter writer's actions. *Id.* The next day, she found a second letter. *Id.* at 814–15.

On November 13, 2000, Bailey was arrested for driving a stolen red Chevy Berretta. Resp't Ex. A at 815–16. Because Bailey and the car met the description B.G. had given of her attacker, the police placed Bailey in a lineup. *Id.* at 816. B.G. identified Bailey as the person who sexually assaulted her. *Id.* at 816. After the lineup, Bailey admitted breaking into B.G.'s apartment, sexually assaulting her, and writing the two letters. *Id.* at 817. DNA testing confirmed that Bailey was the person who sexually assaulted B.G. *Id.* at 818.

Bailey pleaded guilty to the sexual assault of B.G. and waived his right to a presentence report in favor of an immediate sentencing. Resp't Ex. A at 819–21. The court then heard argument in aggravation and mitigation. *Id.* at 822. The state argued, in addition to the circumstances of the crime against B.G., Bailey's criminal history and the three other open cases against Bailey were aggravating factors. *Id.* at 823. The first case was the possession of a stolen motor vehicle offense that caused his initial arrest. *Id.* at 823–24. In the second case, Bailey broke into S.W.'s apartment to look for money and afterwards began watching her. *Id.* at

2

824–25. A couple weeks later, he broke into S.W.'s apartment around 4:00 a.m. through the kitchen window and sexually assaulted her. *Id.* at 825–27. After Bailey was identified by B.G., the similarity between this sexual assault and the assault against B.G. prompted police to suspect Bailey committed this rape also. *Id.* at 826–27. Bailey confessed to assaulting S.W. and DNA evidence confirmed his confession. *Id.* at 827–28. Although the charges against Bailey for these crimes were dropped, the state asked the trial court to take them into consideration for sentencing. *Id.* at 828.

In mitigation, Bailey's attorney referred to the twenty letters of support for Bailey. Resp't Ex. A at 828. In addition, Bailey showed remorse for his crimes, and while in jail he took advantage of programs to better himself. *Id.* at 829–30. Bailey also spoke. He expressed love for his four children, has been trying to better himself while in jail, and apologized again for what he did to B.G. and S.W. *Id.* at 830.

The sentencing court agreed with the recommended disposition and sentenced Bailey to 25 years' imprisonment. Resp't Ex. A at 832. After sentencing, Bailey filed a *pro se* motion to dismiss/reduce sentence. *Id.* at 840, 843. The trial court denied Bailey's motion but appointed him an attorney to file an appeal. *Id.* at 859–60. On appeal, Bailey and the state requested a summary remand because Bailey's waiver of counsel for the postplea motion was unclear. Resp't Ex. B. The Illinois appellate court granted a summary remand. Resp't Ex. C.

On remand, the trial court again denied Bailey's motion and he appealed. Resp't Ex. E. He focused on the adequacy of the court's admonishments at the plea hearing regarding mandatory supervised release and registry as a sexual predator. *Id.* The Illinois appellate court concluded the admonishments were sufficient and affirmed the conviction. Resp't Exs. D, I.

3

Bailey petitioned the Illinois Supreme Court for leave to appeal. Resp't Ex. J. The Illinois Supreme Court remanded the case for the appellate court to reconsider the decision in light of an intervening case. Resp't Ex. L. On remand, the appellate court again affirmed the conviction, and the Illinois Supreme Court denied leave to appeal. Resp't Exs. N, P.

Bailey then filed a *pro se* postconviction petition. Resp't Ex. Q. The trial court denied the petition, stating only that Bailey "failed to allege sufficient facts to indicate that he has a meritorious defense and that he was diligent in bringing this cause of action." Resp't Ex. S at 3. Bailey appealed, and he was appointed an attorney. His attorney moved to withdraw under *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and explained why the potential issues for appeal had no arguable merit. Resp't Ex. T. Bailey opposed his attorney's motion to withdraw and filed a *pro se* response to the *Finley* motion, raising additional issues for review. Resp't Ex. W. The appellate court found no issues of arguable merit, granted the *Finley* motion, and affirmed the denial of Bailey's postconviction petition. Resp't Ex. V. The appellate court did not explain its reasoning. *Id.* The Illinois Supreme Court denied leave to appeal. Resp't Exs. W, X.

Before the court is Bailey's *pro se* petition for a writ of *habeas corpus* under § 2254. He argues his conviction should be vacated because (1) there was a 78-hour delay in taking him before a judge to determine probable cause following his warrantless arrest; (2) an improperly executed complaint deprived the court of subject matter jurisdiction; (3) the indictment was void because of prosecutorial misconduct; and (4) he received ineffective assistance of counsel. The state opposes his petition.

## II. Analysis

A petition under § 2254 serves a narrow but important function. It is not another round of

4

independent appellate review of Bailey's state conviction. *Rever v. Acevedo*, 590 F.3d 533, 536 (7th Cir. 2010). Rather, it is limited to determining whether Bailey's custody violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Jones v. Basinger*, 635 F.3d 1030, 1040 (7th Cir. 2011). Issues of state law are not cognizable on federal *habeas* review. *George v. Smith*, 586 F.3d 479, 483–84 (7th Cir. 2009).

Because this court generally does not conduct an independent review, Bailey is required to have presented each claim he now presses to the state court at each level of review. 28 U.S.C. § 2254(b)(1); *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010), *cert. denied*, 131 S. Ct. 1052 (2011). Bailey completed every round of review in the state courts, exhausting his state court remedies. But a *habeas* claim is procedurally defaulted, precluding this court's review of the merits, if Bailey did not fairly present the operative facts and law of the claim at each state court level. *Byers*, 610 F.3d at 985. Procedural default may be overcome only by a demonstration of cause and prejudice or a showing of a fundamental miscarriage of justice. *Coleman v. Hardy*, 628 F.3d 314, 318 (7th Cir. 2010).

If this court is able to reach the merits of a claim that the state court adjudicated on the merits, review is limited to whether the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Steffes v. Pollard*, 663 F.3d 276, 282 (7th Cir. 2011).

## A. Delay in probable cause determination

Bailey argues his conviction is invalid because the court lost jurisdiction over him after

5

the police failed to bring him before a judge for a probable cause hearing within 48 hours of his arrest. Bailey was arrested without a warrant on November 13, 2000 for possession of a stolen motor vehicle. After he was booked, he was not taken for a preliminary hearing immediately because the police wanted to question him for unrelated crimes—the sexual assault of B.G. and the sexual assault of S.W.[2] Bailey was not taken before a judge until November 16, 2000—approximately 78 hours after his arrest.

After a warrantless arrest, the Fourth Amendment requires that the arrestee be taken promptly before a judicial officer for a determination of probable cause. *Gerstein v. Pugh*, 420 U.S. 103 (1975). A delay of more than 48 hours is presumptively unreasonable, shifting the burden to the state to justify the delay. *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991).

Bailey raised this issue in a pretrial suppression motion. The trial judge concluded, in light of the ongoing sexual assault investigations, that Bailey was taken before a judge in a timely manner. Resp't Ex. Z at 325–26. Bailey raised this issue again in his postconviction petition, to no avail. Resp't Ex. Q at 6–24. On postconviction appeal, his attorney argued in the *Finely* brief that the issue had no arguable merit because, although the delay violated Bailey's rights, the proper remedy was not to vacate his conviction or automatically suppress his statements. Resp't Ex. T at 6–10. The Supreme Court left the remedy for a *Gerstein* violation to the states. In Illinois, delay is considered when assessing the voluntariness of a defendant's statements and a defendant may be entitled to civil remedies. *People v. Willis*, 831 N.E.2d 531 (Ill. 2005). Bailey

---

[2] In his petition, Bailey states that in the days after his arrest, he refused to talk to the police, causing the detectives to take him to a forest preserve and physically assault him at gunpoint to coerce a statement. These allegations were not raised in any of the state court proceedings, so the court disregards them.

also addressed the issue in his *pro se* response to the *Finley* motion and again in his petition for leave to appeal to the Illinois Supreme Court. Resp't Exs. U, W at 8.

*Stone v. Powell* precludes this court from reviewing this Fourth Amendment claim because Bailey had a full and fair opportunity to litigate this issue before the state courts. 428 U.S. 465, 481–82 (1976); *Ben-Yisrayl v. Buss*, 540 F.3d 542, 551–52 (7th Cir. 2008). Bailey raised this issue repeatedly. The record contains no indication that the Illinois courts precluded Bailey from arguing the *Gerstein/McLaughlin* issue or otherwise did not fairly consider Bailey's arguments, and so this court will not review the Illinois courts' reasoning. *Ben-Yisrayl*, 540 F.3d at 551–52; *Brock v. United States*, 573 F.3d 497, 501 (7th Cir. 2009).

## B. Lack of Subject Matter Jurisdiction by Improperly Executed Complaint

Bailey argues the complaint used to initiate the prosecution was unsigned and improperly executed, defects that prevented the state court from ever acquiring subject matter jurisdiction over the case. Bailey attaches an unsigned certified copy from the clerk of court of the complaint used at the preliminary hearing to determine probable cause. Bailey's Pet. Ex. C. Although his attorney later provided him a copy of the complaint signed by Detective R. Janiga, *id.* at Ex. D, Bailey argues the detective's signature does not make the complaint valid because only the victim may sign the complaint. Therefore, Bailey argues the state courts never acquired subject matter jurisdiction over him at the preliminary hearing, and his continued detention until indictment was unconstitutional.

The state first argues this issue is noncognizable on federal *habeas* review because it raises solely state-law issues. The only federal constitutional reference Bailey makes on this issue is: "[T]he state and court could not transact business or prosecute the Petitioner because

they NEVER acquired such 'connection or nexus jurisdiction' because these improperly executed complaints only amounted to pieces of paper, and hereby **the petitioners [*sic*] constitutional due process rights were thereby substantially violated against, protected by Article 1 & 2 of the Illinois Constitution of 1970 and the 13th and 14th Amendment of the United States Constitution, which are well established state and Federal Constitutional law.**" Bailey's Pet. at Continuing: B. Ground Two, pages 2–3 (emphasis added). The rest of his argument revolves around Illinois requirements at a preliminary hearing and the effect under Illinois law of an unsworn, unsigned complaint.

Construing Bailey's *pro se* petition liberally, the court assumes Bailey sufficiently raised a federal due process claim regarding the complaint. But the court may not reach the merits because Bailey did not fairly present this claim as a federal due process issue at each level of review in the state courts.

Before the Illinois appellate court, the *Finley* brief does not mention federal law, restricting the analysis of this issue to state requirements for preliminary hearings. Resp't Ex. T at 10–12. Bailey refers to the Fourteenth Amendment only once in his *pro se* response to the *Finley* motion: "The alleged victim refused to sign a complaint against Bailey in violation of 725 I.L.C.S. 5/111-3(b), the Fourth Amendment of the U.S. Const. and **the 14th Amend of the U.S. Const.**, that was presented in the preliminary hearing . . . ." Ex. U at 13, 21–25 (emphasis added). One reference to the Fourteenth Amendment does not alert the state court to the federal nature of the claim, especially because this factual scenario does not fall within the mainstream of due process litigation. *Perruquet v. Briley*, 390 F.3d 505, 519–20 (7th Cir. 2004). Moreover, Bailey's *pro se* petition for leave to appeal to the Illinois Supreme Court does not mention due

8

process or the Fourteenth Amendment. Bailey states a couple of times that the improperly executed complaints prevented the state court from "constitutionally" obtaining jurisdiction, but does not explain what constitutional right he invokes. Ex. W at 8, 9.

Bailey has not established cause and prejudice to excuse his default. He does not explain why he was unable to raise a federal due process issue before the state court. Not is it clear Bailey could obtain *habeas* relief for errors in the probable cause determination. *See Gerstein*, 420 U.S. at 119 ("a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause"); *Evans v. Poskon*, 603 F.3d 362, 364 (7th Cir. 2010) ("an arrest without probable cause violates the fourth amendment but does not imply the invalidity of a conviction, because courts do not 'suppress the body' of the accused"). Finally, Bailey never asserts he is factually innocent of the sexual assault, so the fundamental miscarriage of justice exception does not apply.

**C. Lack of Subject Matter Jurisdiction by Void Indictment and Prosecutorial Misconduct**

Bailey raises two issues concerning the grand jury indictment. First, he argues the sole grand jury witness, Detective Phil Santefort, intentionally lied by telling the grand jury he was personally involved in the investigation, and the prosecutor was aware of the lie. Second, Bailey notes that Santefort's name was left off the true bills of indictment where grand jury witnesses are to be listed. Instead, nontestifying police officers were listed on at least three of the true bills. Bailey argues this knowing use of perjured testimony makes the indictment fatally flawed, and without Santefort's testimony, there was no other basis for the grand jury's indictment.

This issue was properly exhausted and the record contains no basis to conclude this issue was denied by the state courts for procedural reasons. This court may reach the merits. Because

9

the state court did not explain the reasoning for its decision, Bailey must show "there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011).

Bailey cannot show there was no reasonable basis to deny relief because several reasons exist to deny relief, most importantly, Bailey's unconditional guilty plea. Even if irregularities existed in the evidence presented to the grand jury, Bailey's conviction forecloses a collateral attack on the indictment. *See Menna v. New York*, 423 U.S. 61, 62 n.2 (1975) ("A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established"); *Tollett v. Henderson*, 411 U.S. 258, 266–67 (1973) (petitioner not entitled to *habeas* relief for claim that African Americans were excluded from the grand jury because guilty plea forecloses independent inquiry into error). The constitutional issues that survive a guilty plea concern the court's power to enter the conviction. *United States v. Seybold*, 979 F.2d 582, 585–86 (7th Cir. 1992). A defective indictment does not deprive the court of subject matter jurisdiction. *People v. Gilmore*, 344 N.E.2d 456, 458–59 (Ill. 1976). Even if the grand jury's probable cause determination was deficient, Bailey's later admission of the charges in a knowing and voluntary plea is conclusive of guilt and renders determinations of probable cause irrelevant. *Cf. United States v. Mechanik*, 475 U.S. 66, 70–73 (1986) (violation of Fed. R. Crim. P. 6(d) during grand jury proceedings discovered after trial did not require reversal of conviction because "the petit jury's subsequent guilty verdict means not only that there was probable cause to believe that the defendants were guilty as charged, but also that they are in fact guilty as charged beyond a reasonable doubt"); *U.S. ex rel. Coleman v. Shaw*, No. 06 C 184,

2009 WL 1904370, at *11 (N.D. Ill. July 1, 2009) (Pallmeyer, J.) ("Petitioner is unable to provide any authority from the United States Supreme Court to support the proposition that prosecutorial misconduct in front of a grand jury requires dismissal of the indictment"); *U.S. ex rel. Changyaleket v. McCann*, No. 07 C 1694, 2008 WL 5157976, at *5 (N.D. Ill. 2008) (St. Eve, J.) ("the Court could not find any Supreme Court authority supporting Changyaleket's claim that a prosecutor's knowing presentation of false testimony to a grand jury violates a criminal defendant's constitutional rights").

**D. Ineffective Assistance of Counsel**

Bailey raises several instances of ineffective assistance of counsel. He contends his attorney was ineffective for not raising the issues discussed above and for not sharing with him the discovery materials that would have exposed these alleged errors. Bailey claims he was prejudiced because he was convicted of a crime over which the trial court lacked jurisdiction.[3]

The state argues Bailey did not exhaust his ineffective assistance claim because he did not set forth the operative facts governing the claim in his *pro se* petition for leave to appeal to the Illinois Supreme Court. *See Johnson v. Hulett*, 574 F.3d 428, 432–33 (7th Cir. 2009); *Pole v. Randolph*, 570 F.3d 922, 937 (7th Cir. 2009) (each specific instance of alleged ineffectiveness must be presented to state courts). The relevant portion of Bailey's petition to the Illinois Supreme Court states:

> Bailey's counsels failure to object to fatally flawed arrests, complaints, indictments, and true bills, is totally unaccountable in the circumstances, and

---

[3] Bailey also complains about the performance of his postconviction appellate attorney, but this issue is not cognizable on federal *habeas* review. Bailey has no constitutional right to an attorney during postconviction proceedings. *Dellinger v. Bowen*, 301 F.3d 758, 767 n.10 (7th Cir. 2002); *see also Brown v. Watters*, 599 F.3d 602, 609 (7th Cir. 2010).

11

> cannot be considered sound trial strategy. Bailey's prejudice is that he pled guilty to subject matter jurisdiction that was never acquired by the State or the Circuit Court, that would have been dismissed, if his attorneys had acted competently.

Resp't Ex. W at 10. Taken alone, this recital would not be sufficient to apprise the court of the operative facts of his claim. But looking at the petition as a whole reveals the operative facts were presented. Earlier, Bailey set forth the circumstances behind the 48-hour violation, the unsigned complaint, the alleged perjury before the grand jury, and the incorrect witness on the true bill. *Id.* at 8–9. A liberal reading of the PLA sufficiently raises these issues.

Nevertheless, Bailey fails to show there was no reasonable basis for the state courts to deny his ineffective assistance claim. *Strickland v. Washington*, 466 U.S. 668 (1984), requires him to show his attorney's performance fell below an objective standard of reasonableness and the deficient performance prejudiced him. Because he pleaded guilty, Bailey must establish counsel's plea advice was objectively unreasonable and, absent the erroneous advice, there was a reasonable probability he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Ward v. Jenkins*, 613 F.3d 692, 697–98 (7th Cir. 2010). It is not enough to simply allege that he would have insisted on going to trial. *Hutchings v. United States*, 618 F.3d 693, 696–97 (7th Cir. 2010). He must produce objective evidence, such as the type of misinformation his attorney provided or the history of the plea negotiations. *Id.*

Bailey's postconviction appellate attorney's *Finley* brief provides a reasonable basis for the state court to deny Bailey's ineffective assistance claim. The attorney argued Bailey's ineffective assistance claim lacked arguable merit because he could not show prejudice from his attorney's purported errors—the pretrial motions Bailey pressed in his postconviction petition

12

would not have resulted in the dismissal of the indictment. An attorney is not ineffective for failing to file a pretrial motion that would be unsuccessful. *United States v. Lawson*, 947 F.2d 849, 853 (7th Cir. 1991).

The 78-hour delay was in fact raised in a pretrial suppression motion. Even if the trial court erred by finding the delay was reasonable, the indictment would not have been dismissed because that is not a viable remedy for a *Gerstein/McLaughlin* violation. *People v. Willis*, 831 N.E.2d 531 (Ill. 2005). The unsigned complaint was used when the trial court was determining whether probable cause existed following the warrantless arrest. Once the indictment was filed, it rendered any errors in the court's initial probable cause determination inconsequential. *People v. Franklin*, 398 N.E.2d 1071 (Ill. App. Ct. 1979). Challenging the pre-indictment probable cause determination would not have resulted in the charges being dropped. *See Evans*, 603 F.3d at 364 (arrest without probable cause does not make a conviction invalid). Errors in listing witnesses on a true bill in violation of 705 ILCS 305/17 does not require dismissal of the indictment absent substantial prejudice. *People v. Curoe*, 422 N.E.2d 931, 937 (Ill. App. Ct. 1981). It is not unreasonable to conclude Bailey cannot show prejudice; he has not stated what information he was prevented from obtaining by not knowing Santefort's identity.

Contrary to Bailey's assertions, none of these alleged errors affected the state court's subject matter jurisdiction or personal jurisdiction over him. The state court's subject matter jurisdiction is conferred by the Illinois Constitution, not by an indictment. *People v. Gilmore*, 344 N.E.2d 456, 458–59 (Ill. 1976). Under the Illinois Constitution, circuit courts have "original jurisdiction of all justiciable matters." *Id.* (quoting Ill. Const. art. VI § 9). Criminal justiciable matters are defined in 720 ILCS 5/1-5, which requires the crime to have a nexus to Illinois.

There is no dispute that the sexual assault of B.G. occurred in Illinois, giving the circuit courts subject matter jurisdiction. Once the court acquired jurisdiction, later errors in the proceedings do not oust the court of jurisdiction. *People v. Davis*, 619 N.E.2d 750, 754–55 (Ill. 1993). Similarly, the state court acquired personal jurisdiction over Bailey once he appeared before it, regardless of errors in his arrest, detention, or indictment. *People v. Sharifpour*, 930 N.E.2d 529, 548 (Ill. App. Ct. 2010); *People v. Kleiss*, 412 N.E.2d 39, 41 (Ill. App. Ct. 1980).

Because a reasonable basis exists to deny the ineffective assistance claim, the state court's decision was not contrary to Supreme Court precedent or an unreasonable application of the facts.

### III. Conclusion

Bailey's petition for a writ of habeas corpus is denied. The court declines to issue a certificate of appealability. Bailey has not made a substantial showing of the denial of a constitutional right, nor would reasonable jurists differ on whether the procedural rulings were correct. *See* 28 U.S.C. § 2253(c)(1); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

ENTER:

_____
Suzanne B. Conlon
United States District Judge

January 23, 2012